**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWN HOLIDAY,

Defendant - Appellant.

No. 11-50400

D.C. No. 3:09-cr-03393-BTM-4

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted December 7, 2012[**]
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Defendant Shawn Holiday appeals the district court's final judgment and

120-month sentence based on his jury conviction of possession of crack cocaine

and possession of crack cocaine with intent to distribute, in violation of 21 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 841(a)(1). Holiday argues that the district court erred when it denied his motion to suppress evidence seized from him after his arrest, which he contends was not supported by probable cause.

We review de novo the determination of probable cause. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996).

Probable cause to arrest exists when, under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime. *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). Probable cause determinations may be based in part on reasonable inferences. *United States v. Davis*, 530 F.3d 1069, 1084 (9th Cir. 2008). The "collective knowledge doctrine" permits aggregation of facts known to each of the officers when the officers were working as a team. *United States v. Ramirez*, 473 F.3d 1026, 1032-33 (9th Cir. 2007).

Holiday argues that probable cause to arrest him did not exist because no officer saw *him* engage in a drug transaction. The officers did, however, observe substantial circumstantial evidence that whoever was in an identified Lincoln Navigator was a party to the drug transaction, as detailed by the district court in its orders denying the suppression motion and motion for reconsideration. These facts would lead a prudent person to conclude that there was a fair probability that the

2

driver and sole occupant of the Lincoln Navigator had just engaged in a crime. *Lopez*, 482 F.3d at 1072. That person turned out to be Holiday.

Holiday characterizes the probable cause determination as hinging on his "mere presence," citing *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979). The "mere presence doctrine," however, applies only if "the facts and circumstances do not support an inference that the individual is connected to the proximate criminal activity." *United States v. Buckner*, 179 F.3d 834, 839 (9th Cir. 1999). Here, as in *Buckner*, the "attendant facts and circumstances support a fair probability that [the defendant] was linked to the crime of drug trafficking." *Id.* at 839; *see also United States v. Valencia-Amezcua*, 278 F.3d 901, 907 (9th Cir. 2002). Moreover, where surveillance reveals a "pattern of activity indicating participation in a narcotics transaction," the court is not swayed by the "presence or absence of any particular observation alone." *United States v. Del Vizo*, 918 F.2d 821, 827 (9th Cir. 1990).

Holiday was not merely in the car wash at an inopportune time. Rather, he was the driver and sole occupant of a Lincoln Navigator that was under constant surveillance by the police after it arrived at the car wash. The Navigator was not washed during the ten minutes it was in the car wash. Defendant Branch approached the Navigator twice, returning with $8000 in cash given to him by a confidential source to buy drugs. While inside the car wash, Branch was observed

3

talking to an African-American male in the Navigator; and returned with crack cocaine. Holiday, an African-American, was apprehended while driving the Navigator after it left the car wash.

Under these facts, the district court did not err in concluding that there was probable cause for Holiday's arrest.

AFFIRMED.